IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIEL L. WASHINGTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-00335 |
| | ) | |
| ALLEN INDEPENDENT | ) | |
| SCHOOL DISTRICT, | ) | |
| Defendant. | ) | |

**PLAINTIFF DANIEL L. WASHINGTON'S ORIGINAL COMPLAINT**

To the HONORABLE JUDGE of said court, now comes Plaintiff Daniel L. Washington, through his counsel, and files this Original Complaint under the Rehabilitation Act and the Family and Medical Leave Act.

**NATURE OF THE ACTION**

1. This is an action to halt and seek redress for wrongful termination of employment under two federal employment protection laws: the Rehabilitation Act and the Family and Medical Leave Act.

2. The Rehabilitation Act expressly prohibits discrimination in employment on the basis of disability. *See* 29 U.S.C. §§ 791, *et seq.*; 42 U.S.C. §§ 12101, *et seq.* Under the Rehabilitation Act, executive state agencies that accept federal funding, such as Defendant Allen Independent School District (Allen ISD), cannot deny qualified individuals employment opportunities or benefits or discriminate against them because they have a disability.

3. The Family and Medical Leave Act likewise protects public servants like Washington who seek to take medical leave to care for themselves and/or certain close family members. See, 29 U.S.C. § 2615, *et. seq.*

**PLAINTIFF DANIEL WASHINGTON'S ORIGINAL COMPLAINT – Page 1 of 9**

## PARTIES

4. Plaintiff Washington is an adult resident and citizen of the State of Texas and of the United States. At all times relevant to this Complaint, Plaintiff had a disability recognized under the Rehabilitation Act.

5. Defendant Allen Independent School District is an independent subdivision of the State of Texas that runs primary and secondary public schools within its geographic boundaries within Collin County, Texas. It may be served through its Superintendent:

> Dr. Robin Bullock
> Allen ISD Headquarters
> 612 E. Bethany Drive
> Allen, Texas 75002

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as Plaintiff asserts a federal claim under two federal employment rights statutes, the Rehabilitation Act and the Family and Medical Leave Act.

7. Defendant has voluntarily waived sovereign immunity under the Rehabilitation Act, and it is subject to Section 504 of the Rehabilitation Act by its knowing and voluntary receipt of federal funds. *See Miller v. Texas Tech Univ. Health Sci. Ctr.*, 421 F.3d 342, 349 (5th Cir. 2005).

8. This Court has personal jurisdiction over Allen ISD because it operates within Collin County, Texas, within this Eastern District of Texas and the Sherman Division.

9. Venue in this Court is proper under 28 U.S.C. §1391 because Plaintiff worked within this district and division because "a substantial part of the events or omissions giving rise to the claim occurred" within the Eastern District of Texas and the Sherman Division.

## FACTUAL ALLEGATIONS

10. On April 23, 2020, after 12 years of successful employment with Allen ISD, Plaintiff Washington's employment was terminated without notice by letter from Caryn Stolp.

11. At the time of his wrongful termination, Washington was on FMLA leave related to his disability of mental illness and severe anxiety caused by workplace violence at Allen ISD, which limits one or more major life activity, including the life activity of working without medical intervention. Specifically, Washington suffers from work-related severe anxiety caused by workplace violence suffered by Washington.

12. Washington's pre-approved FMLA leave started on January 6, 2020. Allen ISD was fully aware of Washington's mental illness and that the pre-approved FMLA leave was caused by and made medically necessary by his workplace related severe anxiety. By approving his FMLA leave, Allen ISD had accepted his FMLA leave as an appropriate reasonable accommodation for his mental illness and knew or should have known that the purpose of the pre-approved FMLA leave was to allow Washington to regain the ability to perform his job functions with or without reasonable accommodation.

13. However, at the time of his FMLA leave approval, Washington was not informed that he would be terminated when the FMLA leave expired. Indeed, to the contrary, Washington understood that he was eligible for up to one year of leave for his work-related anxiety attack.

14. In full compliance with Allen ISD policy, during his FMLA leave Washington had called various times to report on his medical condition.

15. Specifically, Washington's cell phone records show that he called Allen ISD on at least the following dates: February 18 and 19, and on March 6 (5 times) and March 9. Washington left voice messages on many of these calls.

16.     Despite these repeated attempts to communicate with Allen ISD, no one at Allen ISD returned his calls or sent any e-mails or letters to respond to Mr. Washington's many attempts to communicate his medical condition.

17.     Further, no one at Allen ISD informed him that should he fail to provide a return-to-work letter from his physician by April 23, 2020, that his FMLA would expire, and that as a result of that expiration he would be fired. Had anyone at Allen ISD answered the phone or otherwise communicated with Mr. Washington that his FMLA was about to expire and that the absence of a return-to-work authorization letter from his physician he would be fired, Washington would have been able to discuss obtaining a return-to-work authorization form from his VA physician.

18.     As a former Marine, Washington receives his healthcare from the Department of Veteran Affairs (VA). Had Washington been allowed to request return-to-work authorization, Washington's VA Physician would have authorized his return to work. However, the failure of Allen ISD to engage in the interactive process, as required by the Rehabilitation Act, prevented Washington from doing so. Specifically, the nature of anxiety attacks is that a longer leave period may be medically beneficial and authorized, but that the loss of a job is more likely to be detrimental than a return to work under most circumstances, making return-to-work authorization appropriate. Accordingly, Washington would have received return-to-work authorization prior to April 23, 2020, had Allen ISD merely engaged in the interactive reasonable accommodation process as required by the Rehabilitation Act.

19.     As previously stated, Washington received a letter dated April 23, 2020, telling Washington that he had been terminated. This letter stated that the reason for his termination was exhaustion of his FMLA leave. Allen ISD gave Washington no opportunity to establish he was able to return to work. Allen ISD wholly failed to engage in any interactive process regarding Washington's requested reasonable accommodation of short-term leave.

**PLAINTIFF DANIEL WASHINGTON'S ORIGINAL COMPLAINT – Page 4 of 9**

20. On April 28, 2020, Melissa Cobb at Allen ISD called Mr. Washington telling him he was terminated and could file for unemployment. Cobb explained to Washington that he had been terminated because Allen ISD did not know when it would be reopening the Allen ISD offices from the COVID-19 Pandemic shut down. This phone call makes it abundantly clear that Allen ISD knew Washington's phone number and could have reached him by telephone to engage in the interactive reasonable accommodation process if it had tried sooner.

21. Subsequently, Mr. Washington filed for unemployment with the Texas Workforce Commission (TWC). At the unemployment hearing conducted by the TWC, Allen ISD's representative Stacey Stanfield incorrectly stated under oath that Allen ISD had not heard from Mr. Washington before April 23. Indeed, Ms. Stanfield also inaccurately stated that Allen ISD made attempts to contact him before his termination. Ms. Stanfield also stated at the TWC hearing that Mr. Washington's termination was considered "job abandonment" and he "voluntary quit."

22. Mr. Washington submitted cell phone records as evidence that he called Allen ISD numerous times to return to work and thus did not "abandon" or "voluntarily quit" his job. Based on that evidence, the TWC ultimately found that "the claimant was not discharged for work-connected misconduct. Accordingly, the determination dated May 11, 2020, allowing benefits with disqualification under Section 207.044 of the Act, shall be affirmed."

23. Despite the fact that Allen ISD now knew that Washington had been fully communicative with Allen ISD, it did not to reinstate Washington.

24. In order to be eligible for Unemployment Benefits, Washington was required to obtain return to work authorization from his VA Physician. Washington received that authorization upon request.

25. Through this wrongful termination, Plaintiff has been injured and suffered financial injury, mental anguish, and loss of enjoyment of life.

## FIRST CLAIM FOR RELIEF
### (Wrongful Termination in Violation of the Rehabilitation Act)

26. Plaintiff realleges each allegation set forth in the paragraphs above.

27. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

28. Because Plaintiff's diagnosed mental illness in the absence of medical intervention substantially limits at least one of Plaintiff's major life activities, working, but with medical intervention Plaintiff is fully able to perform his job duties, with or without reasonable accommodation, Plaintiff is a qualified individual with a disability under the Rehabilitation Act.

29. Plaintiff was fully qualified for his job as at Allen ISD, and he was able to perform all the essential functions of the position if he received the reasonable accommodation of being able to manage his illness with the assistance of his medical care giver.

30. Allen ISD is an independent subdivision of the State of Texas to which Section 504 of the Rehabilitation Act applies because it voluntarily accepts federal funds.

31. Defendant wrongfully terminated Plaintiff's employment in violation of the Rehabilitation Act:

    a. by failing to communicate with him regarding his reasonable accommodation request, including by failing to notify him that he needed to return to work

    and/or provide return to work authorization from is physician by April 23, 2020;

  b. by wrongfully terminating him for alleged no show and/or job abandonment when Plaintiff had not abandoned his job and was able to return to work if it had merely been communicated to him; and/or

  c. by failing to offer Plaintiff his job back after being presented with evidence that he had not abandoned his job and having had the Defendant's assertions of job abandonment or "no show" adjudicated by an independent third party to be false and knowing he was able to return to work.

32. As a result of Allen ISD's wrongful termination of the Plaintiff in violation of the Rehabilitation Act, Plaintiff has suffered and will continue to suffer harm, including compensatory and lost wages, mental anguish, attorney fees, cost of court, pre- and post-judgment interests, and any other relief in law or equity that the Court deems just and right.

## SECOND CLAIM FOR RELIEF
### (Wrongful Termination in Violation of the FMLA)

33. Plaintiff realleges each allegation set forth in the paragraphs above.

34. Defendant violated the FMLA's anti-retaliation provision enacted at 29 U.S.C. Section 2615 by wrongfully terminating Plaintiff's employment due to his having taken FMLA-qualified leave:

  a. by failing to communicate with him and to notify him that he needed to return to work and/or provide return to work authorization from is physician by April 23, 2020;

  b. by wrongfully terminating him for alleged no show and/or job abandonment

**PLAINTIFF DANIEL WASHINGTON'S ORIGINAL COMPLAINT – Page 7 of 9**

       when Plaintiff had not abandoned his job and was able to return to work if it had merely been communicated to him; and/or

a. by failing to offer Plaintiff his job back after being presented with evidence that he had not abandoned his job and having had the Defendant's assertions of job abandonment or "no show" adjudicated by an independent third party to be false and knowing he was able to return to failing to allow him to return to work despite being released by his physician to do so and him contacting the District to do so under its FMLA leave policies.

29. Washington has been injured by his wrongful termination and as a result should receive compensatory legal damages and equitable remedies, under 29 U.S.C. Section 2617, including but not limited to: back pay and loss of benefits in the past; equitable reinstatement, if feasible, or, if not, front pay and loss of benefits in the future; liquidated damages; attorney fees and cost of court; and any and all other legal damages or equitable relief that the Court finds just and/or right.

## JURY REQUEST

Plaintiff respectfully requests a trial by jury on all elements of fact or law so triable, with the submission of equitable issues to the jury as advisory requests for all issues of equity as the Court seems fit in its equitable discretion to seek jury input.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendant and award the following relief:

a. Back pay and loss of benefits in the past, understood to be legal damages, in an amount to be determined at trial by the jury;

**PLAINTIFF DANIEL WASHINGTON'S ORIGINAL COMPLAINT – Page 8 of 9**

b. In the event reinstatement is not granted under the Court's equitable powers as unfeasible under the circumstances, an award under the equitable remedy of front pay and/or loss of benefits in the future;

c. Compensatory and consequential damages, including for emotional distress, mental anguish, embarrassment, and loss of enjoyment of life; and/or liquidated damages under the FMLA;

d. Pre-judgment and post-judgment interest at the highest lawful rate;

e. Attorneys' fees and costs of this action; and

f. Any such further relief in law or in equity as the Court deems just and right.

Respectfully submitted,

*/s/ Eric N. Roberson*

Eric Roberson
Texas State Bar No. 00792803
ENR@Kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, TX 75204
214-379-0817 Direct
214.969.9099 Switchboard
214.379.0843 Fax
**COUNSEL FOR PLAINTIFF**
**DANIEL L. WASHINGTON**

**PLAINTIFF DANIEL WASHINGTON'S ORIGINAL COMPLAINT – Page 9 of 9**